

U.S. Department of Justice

Criminal Division
Office of International Affairs

MDR:RT:JMO:FC:lfc
DOJ No. 182-48674

*Washington, D.C. 20530*

February 24, 2015

**To:** Secretary for Justice
Hong Kong Special Administrative Region
of the People's Republic of China

**From:** Deputy Director
Office of International Affairs
United States Department of Justice
Central Authority for the United States of America

<u>**Request for Legal Assistance in a Criminal Matter**
**(Salomon Bendayan, Andres Gomez-Torres, Martin Lustgarten,**
**█████████████████████████████████████████)**</u>

The Central Authority of the United States requests legal assistance in a criminal matter from the Central Authority of the Hong Kong Special Administrative Region (HKSAR) pursuant to the Agreement between the Government of the United States of America and the Government of Hong Kong on Mutual Legal Assistance in Criminal Matters (Agreement).

**I.     PURPOSE**

The purpose of this request is to obtain evidence relating to the criminal investigation conducted by the Asset Forfeiture and Money Laundering Section of the U.S. Department of Justice, as well as the U.S. Attorney's Office for the District of Massachusetts (the prosecutors), with a view towards prosecution of the above named individuals, including any related proceedings for the making of confiscation or forfeiture orders. There are reasonable grounds to

1

believe that the evidence requested is likely to be of substantial value to the investigation, and such evidence does not consist of items subject to legal privilege under U.S. law.

## II. INFORMATION

### A. Statement of Facts

The U.S. Department of Homeland Security/Homeland Security Investigations (HSI) and the U.S. Drug Enforcement Administration (DEA) are investigating the activities of an international money laundering organization that is known to operate in Hong Kong, the United States, Colombia, Panama, Venezuela, and Switzerland. At the center of the organization are Martin Lustgarten Acherman (Lustgarten), a national of Venezuela who resides in Panama and travels occasionally to the United States, and Salomon Bendayan (Bendayan), a dual citizen of Canada and Morocco, who resides in New York. Both men own and transact business through shell companies that they maintain around the world, including in Hong Kong. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Investigators have discovered that Lustgarten and Bendayan have conspired with Andres Uricoechea-Williamson (Uricoechea) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to launder drug proceeds ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Uricoechea is a Colombian citizen residing in Colombia. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2



███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

Investigators have identified five Hong Kong corporations that Lustgarten uses in the scheme, including:

1. A & L Services Limited (also known as A and L Services Ltd, A L Services Ltd, and ANL Services Limited),
2. Andan Ltd,
3. Avintel International Ltd,
4. ESL Services Ltd, and
5. Henlux Ltd.

These Lustgarten companies, as well as the others owned by Bendayan, are known to utilize bank accounts at the Hongkong and Shanghai Banking Corporation (HSBC), Standard Chartered Bank, DBS Bank, and Bank of China. ███████████████████████

███████████████████████████████████████

███████████████████████

4

The following is a list of all known corporate accounts associated with Bendayan and Lustgarten in Hong Kong. Each is suspected of being directly involved in the money laundering scheme:

| Account Holder Name | Financial Institution | Account # | Associated Target |
|---|---|---|---|
| A & L Services Limited (HK Company No.1282884) | HSBC (Hong Kong) | 614009967838 | Lustgarten, Martin |
| A & L Services Limited (HK Company No.1282884) | Standard Chartered Bank (Hong Kong) | 36811380986 | Lustgarten, Martin |
| A & L Services Limited (HK Company No.1282884) | Bank of China (Hong Kong) | 1287592427662 | Lustgarten, Martin |
| Andan Ltd | HSBC (Hong Kong) | 491661492838 | Lustgarten, Martin |
| Avintel International Ltd | DBS Bank (Hong Kong) | 4736093780 | Lustgarten, Martin |
| ESL Services Ltd | HSBC (Hong Kong) | 411781446838 | Lustgarten, Martin |
| ESL Services Ltd | Standard Chartered Bank (Hong Kong) | 36811375230 | Lustgarten, Martin |
| Henlux Ltd | DBS Bank (Hong Kong) | 7884585410 | Lustgarten, Martin |
| Henlux Ltd | HSBC (Hong Kong) | 817342074838 | Lustgarten, Martin |
| Martin A Lustgarten | HSBC (Hong Kong) | 491680559888 | Lustgarten, Martin |
| Globex Capital Limited | DBS Bank (Hong Kong) | 8033152001 | Bendayan, Salomon |
| Globex Capital Limited | DBS BANK (HONG KONG) LTD | 9080009222 | Bendayan, Salomon |
| Globex Capital Limited | HSBC (Hong Kong) | 808631170838 | Bendayan, Salomon |
| Globex Capital Limited | Standard Chartered Bank (Hong Kong) | 44700839693 | Bendayan, Salomon |
| Maxfield International Holdings Limited | HSBC (Hong Kong) | 808631949838 | Bendayan, Salomon |
| Tradesphere International Limited | DBS Bank (Hong Kong) | 016190788443684 | Bendayan, Salomon |

B.  **Persons and Entities Involved**

    1.    Salomon Bendayan
           Date of birth: █████████
           Alternate date of birth: █████
           Passport: ████████

5

2. ███████████████
   Date of birth: ███████████
   Passport:

3. Martin Lustgarten Acherman
   Date of birth: ███████████
   Passport: ███████████

4. ███████████████
   Date of birth: ███████████
   Passport: ███████████

5. Andres Uricoechea-Williamson
   Date of birth: ███████████
   Passport:

6. A & L Services Limited
   Hong Kong Company Registry: 1282884
   Aliases: A L Services Ltd; ANL Services Limited; A and L Services Ltd
   Address: 3/f Jonsim Place 228, Queens Road East, Wanchai, Hong Kong

7. Andan Ltd
   Hong Kong Company Registry: 1111880
   Address: 3/f Jonsim Place 228, Queens Road East, Wanchai, Hong Kong

8. Avintel International Ltd
   Address: Room 303, 3/f St George's Building, 2 Ice House Street Central, Hong Kong

9. Cameron Investments
   Hong Kong Company Registry: 0821333

10. ESL Services Ltd
    Address: 3/f Jonsim Place 228, Queens Road East, Wanchai, Hong Kong

11. Globex Capital Limited
    Address: Room 303, 3/f St George's Building, 2 Ice House Street Central, Hong Kong

12.     Henlux Ltd
        Address:     St. George's Building, 3rd Floor, Suite 303 - 304, No. 2, Ice House Street, Central, Hong Kong

13.     Maxfield International Holdings Limited
        Address:     16/f, 68 Des Voeux Rd C, Central District, Hong Kong

14.     Tradesphere International Limited
        Address:     Room 303, 3/f St George's Building, 2 Ice House Street Central, Hong Kong

### C. Offenses and Penalties Involved

**Title 18, United States Code, Section 1956.**    **Laundering of monetary instruments**

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity shall be sentenced to ... imprisonment for not more than twenty years....

**Title 18, United States Code, Section 1343.**    **Fraud by wire, radio, or television**

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be ... imprisoned not more than 20 years....

**Title 18, United States Code, Section 1344.**    **Bank fraud**

> Whoever knowingly executes, or attempts to execute, a scheme or artifice to defraud a financial institution; or to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be ... imprisoned not more than 30 years....

**Title 21, United States Code, Section 841.**     **Prohibited acts A**

(a) Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

(b) Penalties

Except as otherwise provided in section 849, 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a violation of subsection (a) of this section involving—

(i) 1 kilogram or more of a mixture or substance containing a detectable amount of heroin;
(ii) 5 kilograms or more of a mixture or substance containing a detectable amount of—
- (I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
- (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
- (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
- (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);

(iii) 280 grams or more of a mixture or substance described in clause (ii) which contains cocaine base; . . .

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life. . . .

(B) In the case of a violation of subsection (a) of this section involving—

(i) 100 grams or more of a mixture or substance containing a detectable amount of heroin;

8

   **(ii)** 500 grams or more of a mixture or substance containing a detectable amount of—
     **(I)**  coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
     **(II)**  cocaine, its salts, optical and geometric isomers, and salts of isomers;
     **(III)**  ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
     **(IV)**  any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);
   **(iii)** 28 grams or more of a mixture or substance described in clause (ii) which contains cocaine base; . . .

  such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life.

  **(C)** In the case of a controlled substance in schedule I or II, . . ., except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life.



IV.    **ASSISTANCE REQUESTED**

Please take the following steps in accordance with the Agreement:

A.    **Production of Documents**

    1.    **Bank Records**

Order the duly authorized representative from each of the below listed banks to produce complete, certified copies of documents pertaining to the listed accounts:

    (1)    **Bank of China**: for the following accounts:

        (a)    1287592427662; and
        (b)    any and all other accounts held in the name, or for the benefit, of Saloman Bendayan and Martin Lustgarten or over which either Bendayan or Lustgarten has signatory authority;

    (2)    **DBS Bank**: for the following accounts:

        (a)    4736093780,
        (b)    7884585410,
        (c)    8033152001,
        (d)    016190788443684,
        (e)    9080009222, and
        (f)    any and all other accounts held in the name, or for the benefit, of Saloman Bendayan and Martin Lustgarten or over which either Bendayan or Lustgarten has signatory authority.

    (3)    **HSBC**: for the following accounts:

        (a)    614009967838,
        (b)    491661492838,
        (c)    411781446838,
        (d)    817342074838,
        (e)    491680559888,
        (f)    808631170838,
        (g)    808631949838, and
        (h)    any and all other accounts held in the name, or for the benefit, of Saloman Bendayan and Martin Lustgarten or over which either Bendayan or Lustgarten has signatory authority.

  (4) **Standard Chartered Bank**: for the following accounts:

    (a) 36811380986,
    (b) 36811375230,
    (c) 44700839693, and
    (d) any and all other accounts held in the name, or for the benefit, of Saloman Bendayan and Martin Lustgarten or over which either Bendayan or Lustgarten has signatory authority.

Records should be produced for the period from January 1, 2010, to the present, and should include, but not be limited to:

a. signature cards;
b. account opening mandate;
c. documents of identity submitted when account(s) opened;
d. deposit slip for the money deposited to open the account(s);
e. monthly account statements;
f. company resolutions specifying the authorized signatories and the limits of operations of the accounts;
g. specimen signatures of the authorized signatories;
h. records of transfers, deposits, and withdrawals into and out of the accounts involving HK$100,000 or more, including instructions and advise from and to clients; credit, remittance, debit, wire transfer and other advices; ledgers; deposit and withdrawal slips; and drafts and cheques.

2. **Official Records**

Please cause the Companies Registry to produce complete, certified copies of documents for each of the following entities incorporated in the HKSAR:

  (1) A & L Services Limited
  (2) Andan Ltd
  (3) Avintel International Ltd
  (4) Cameron Investments Limited
  (5) ESL Services Ltd
  (6) Globex Capital Limited
  (7) Henlux Ltd
  (8) Maxfield International Holdings Limited
  (9) Tradesphere International Limited

Documents should be for the period January 1, 2010, until the present day, and should include:

11

      a. certificates of incorporation;
      b. lists of shareholders and/or directors;
      c. memoranda and articles of association;
      d. minutes of meetings;
      e. stock books and stock transfer records;
      f. annual returns (Form AR1);
      g. certificates of no change (Form AR3);
      h. notifications of changes of secretary or directors (Form D2);
      i. notifications of situation of registered office;
      j. appointments and acceptances of company secretary;
      k. corporate dissolution documents;
      l. business registration certificates;
      m. power(s) of attorney; and
      n. nominee directors and shareholders, and/or secretaries, including pertinent declarations of trust.





## CONCLUSION

The U.S. Central Authority thanks authorities in Hong Kong for their attention to this request for assistance, pertaining to Salomon Bendayan, Martin Lustgarten and others, and extends to the Hong Kong Special Administrative Region the assurance of its highest consideration.

24 February 2015
Date

*Randy Toledo*
Randy Toledo
Deputy Director
Office of International Affairs
Criminal Division
U.S. Department of Justice
Central Authority pursuant to the
US-HKSAR Mutual Legal Assistance Agreement

## CERTIFICATE OF AUTHENTICITY OF BUSINESS RECORDS

I, _____[name]_____, make this statement knowing that if I willfully state anything that I know to be false or do not believe to be true, I may be liable to prosecution for a criminal offence. I am employed by /associated with _____[name of business from which documents are sought]_____ and my official title is _____[official title]_____. Each of the records attached hereto is the original or a duplicate of the original record in the custody of _____[name of business from which documents are sought]_____. I further state that:

    (A)    such records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

    (B)    such records were kept in the course of a regularly conducted business activity;

    (C)    the business activity made such records as a regular practice; and

    (D)    if any such record is not the original, it is a duplicate of the original.

_____[signature]_____     _____[date]_____

Sworn to or affirmed before me, _____[name]_____, a _____[Notary Public/Commissioner for Oaths and Declarations/Judicial Officer/etc.]_____ this \_\_\_\_\_ day of _____, 20\_\_\_.

# CERTIFICATE OF AUTHENTICITY OF FOREIGN PUBLIC DOCUMENTS

I, _____[name]_____, make this statement knowing that if I willfully state anything that I know to be false or do not believe to be true, I may be liable to prosecution for a criminal offence.

(1) I am employed by _____[entity]_____, which is _____[department of Hong Kong/public body]_____ and in the course of its functions maintains official records;

(2) my official position is _____[official title]_____;

(3) in my official capacity I have caused the production of true and accurate copies of records maintained by _____[department of Hong Kong/public body]_____; and

(4) those copies are described below and attached.

Description of Documents:




_____[signature]_____       _____[date]

Sworn to or affirmed before me, _____[name]_____, a _____[Notary Public/Commissioner for Oaths and Declarations/Judicial Officer/etc.]_____ this \_\_\_\_\_ day of _____, 20\_\_\_.